Jacqueline TRIPLETT, Plaintiff–
Appellant/Cross–Appellee,

v.

McCOURT MANUFACTURING
CORPORATION, Defendant–
Appellee,

Fund Ways, Inc., a/k/a Tom's Rent-
al–Tops Rental, Defendant–Ap-
pellee/Cross–Appellant.

No. 06–1826.

Court of Appeals of Iowa.

Sept. 19, 2007.

Richard D. Crotty, Council Bluffs, for appellant/cross-appellee.

Brian Nolan, Scott Lautenbaugh, and Melvin C. Hansen of Nolan, Olson, Hansen, Lautenbaugh & Buckley, L.L.P., Omaha, Nebraska, for appellee/cross-appellant Fund Ways, Inc., a/k/a Tom's Rental–Tops Rental.

Philip Willson of Willson & Pechacek, P.L.C., Council Bluffs, for appellee/cross-appellee, McCourt Manufacturing Corporation.

Heard by HUITINK, P.J., and VOGEL and BAKER, JJ.

---

HUITINK, P.J.

In this appeal we address plaintiff's contentions that the trial court should not have reduced her jury award.

## I. Background Facts and Prior Proceedings

On April 23, 2002, Jacqueline Triplett attended a "rally" at her employer's place of business. She was injured when her chair suddenly collapsed and she fell to the ground. She was immediately taken to the hospital by ambulance. The fall caused intense pain in both her back and right leg. The pain continued, and six months later she underwent spinal fusion surgery to correct the problem. This surgery did not alleviate her pain. She spent the next two years trying different combinations of pain medications to ease the pain in her back and her leg. In September 2004 she had a second surgery. This surgery was marginally successful, as it alleviated most of the pain in her leg; however, her back pain persisted.

Triplett filed suit against McCourt Manufacturing Corporation, the manufacturer of the chair, and Fund Ways Inc., a/k/a Tom's Rental–Tops Rental, the company that rented the chair to her employer, for the injuries to her back and leg. In April 2006, after a three day trial, the jury returned the following verdict for Triplett:

1. $180,000 in past medical expenses.
2. $9,000 in future medical expenses.
3. $10,000 for the past loss of her full body.
4. $30,000 for the future loss of her full body.
5. $200,000 for past pain and suffering.
6. $296,000 for future pain and suffering.

Total: $725,000 [1]

---

1. The jury awarded no damages on her claims for loss of earnings and loss of future earning capacity.

McCourt filed a motion for a new trial, contending the verdicts for past and future pain and suffering were excessive or the result of passion or prejudice. The district court entered an order finding the award of future pain and suffering was not based on passion or prejudice, but nonetheless excessive. In doing so, the court stated:

From the Court's consideration of the record made, including Triplett's history of treatment and the medical expense damages found by the jury in the amount of $180,000, and the jury's award in the amount of $200,000 for past pain and suffering; the Court cannot conclude such award was based upon passion or prejudice by the jury. The Court also concludes the jury's award for past pain and suffering has a reasonable basis within the record. In considering the jury's award for future pain and suffering in the amount of $296,000, the Court does not find that such verdict was reached based upon improper passion or prejudice.

However, based upon the evidence in the record, including the jury's award of $9,000 for future medical expenses and Triplett's description of the level of success achieved in the second surgery with the resulting decrease in the sources of and the level of pain; this Court concludes the jury's award of $296,000 for future pain and suffering was beyond the limits of fair compensation for the injuries shown; that such award is flagrantly excessive; and is not supported by the evidential record. The Court concludes that justice to the parties may be accomplished by a reduction of the award for future pain and suffering to the sum of $100,000, and Triplett's remittitur of the award for future pain and suffering in excess of $100,000 and total damages in excess of $529,000.

Pursuant to this ruling, the court ordered a new trial unless Triplett filed a remittitur of damages in excess of $529,000 within thirty days. Triplett refused to file a remittitur, and this appeal follows.

## II. Standard of Review

 We review remittitur rulings for an abuse of discretion. *Kuta v. Newberg*, 600 N.W.2d 280, 284 (Iowa 1999). An abuse-of-discretion standard is appropriate because the trial court has had the advantage of seeing and hearing the evidence; in applying that standard, other cases are of limited value. *See Rees v. O'Malley*, 461 N.W.2d 833, 840 (Iowa 1990) ("In determining whether the damage award is excessive, we must abide by the principle that each case depends upon its own facts, and precedents are of little value."). We will not find an abuse of discretion unless it is shown that the trial court's discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable. *State v. Brumage*, 435 N.W.2d 337, 341 (Iowa 1989).

## III. Merits

 Because fixing the amount of damages is a function for the jury, we are "loath to interfere with a jury verdict." *Sallis v. Lamansky*, 420 N.W.2d 795, 799 (Iowa 1988). In considering a contention that the jury verdict is excessive, the evidence must be viewed in the light most favorable to the plaintiff. *Id.* The verdict must not be set aside merely because the reviewing court would have reached a different conclusion. *Id.* When considering a remittitur, we will reduce or set aside a jury award only if it is: (1) flagrantly excessive or inadequate; (2) so out of reason as to shock the conscience; (3) a result of passion, prejudice, or other ulterior motive; or (4) lacking in evidentiary support. *Spaur v. Owens–Corning Fiberglas Corp.*, 510 N.W.2d 854, 869 (Iowa 1994). If a verdict meets this standard or fails to do substantial justice between the parties, the

district court must grant a new trial or enter a remittitur. *Id.*

■ The jury awarded damages of $200,000 for Triplett's pain and suffering during the four-year period between the accident and trial. The district court found this figure, approximately $50,000 per year, had a "reasonable basis within the record."

The jury was also instructed that, based on standard mortality tables, Triplett was expected to live for 15.1 more years. In light of the medical evidence suggesting her current pain symptoms would likely continue for the rest of her life, the jury awarded Triplett $296,000 for future pain and suffering. As a result, her future pain and suffering award amounts to approximately $19,600 per year for the balance of her expected lifetime. The district court found this figure, although not based on improper passion or prejudice, was flagrantly excessive because it lacked evidentiary support. Specifically, the court found this figure was improper based upon the limited award for medical expenses and "the level of success achieved in the second surgery with the resulting decrease in the sources of and the level of pain."

We disagree. Upon our review of the record, taking the facts in the light most favorable to the plaintiff, *Sallis*, 420 N.W.2d at 799, we find there was substantial evidence in the record to support the jury's verdict.

The evidentiary support for future pain and suffering was substantial. Triplett testified extensively about her daily battle with back pain. Since the accident, she has sought medical help on more than thirty occasions. While the pain in her leg subsided after her second surgery, the pain in her back has never abated. On a scale of one to ten, her level of back pain varies between a three and a seven, but "never" goes below a three. This pain limits her ability to do many things. Work restrictions issued by her doctor also limit her from lifting more than ten pounds, bending or twisting, sitting or standing for more than thirty minutes, or walking more than four blocks at a time. Her back pain also makes it difficult for her to sleep at night. The strength of her pain medication also means that she is required to meet with her doctor every two months.

Triplett also has a permanent impairment rating of twenty-five percent, and although she performs therapeutic exercises every week, her physician indicates she has achieved her maximum level of improvement and her pain symptoms will likely continue for the rest of her life.

As mentioned above, the jury awarded Triplett approximately $50,000 a year for past pain and suffering. In light of the fact that she no longer experiences significant leg pain and the fact that she has made some progress managing her pain, the jury reduced her award for future pain and suffering by more than sixty percent to approximately $19,600 per year. We find this award falls within the permissible range of the evidence.

■ We also find the limited award for future medical expenses should not restrict her recovery for future pain and suffering. While the amount of future medical expenses may be a factor when calculating future pain and suffering, we find its importance is limited when the plaintiff will continue to suffer pain despite achieving the maximum level of recovery from the accident. Triplett's projected medical expenses reflect the fact that she will be required to purchase pain medication and meet with her doctor on a routine basis for the balance of her life. The jury had a reasonable basis from which to conclude that compensation for continuous pain is not discounted solely because extensive

surgery or aggressive treatment is no longer medically necessary.[2]

In essence, the district court only disputes the compensable value for her future pain and suffering. In the court's view, the jury's decision to reduce her annual award for future pain and suffering to less than forty percent of the annual amount for past pain and suffering was not sufficient. The court decided to reduce the amount to less than fifteen percent of the annual award for past pain and suffering, to approximately only $6650 per year. The only valid reason articulated by the court for this reduction—"the level of success achieved in the second surgery with the resulting decrease in the sources of and the level of pain"—was obviously factored into the jury's decision to award her sixty percent less annual damages for future pain and suffering. The court articulates no reason why its additional reduction was necessary in light of the facts of this case.

A remittitur of this nature is difficult to uphold in view of the court's specific finding that the verdict was not the result of passion or prejudice. Furthermore, the court's conclusion that the jury award was not supported by the evidence is contradicted by the fact that the court merely assigned a different amount of future pain and suffering damages based on the same evidence. As discussed above, there was ample evidentiary support for future pain and suffering based on the current level of pain and permanency of that pain. The fact that the court reduced the judgment, without articulating any basis for its own calculation of future pain and suffering, suggests the court supplanted its damage total for that of the jury. Because we find no reasonable basis for the court's conclusion that Tripplet's future pain and suffering was worth less than that awarded by the jury, we find the court's order for remittitur was untenable and therefore was an abuse of discretion. *See Kiner v. Reliance Ins. Co.*, 463 N.W.2d 9, 15 (Iowa 1990) (reversing district court's order for remittitur when the only basis for remittitur was that the jury verdict was "merely excessive").

## IV. Conclusion

While a trial court is vested with broad discretion in passing upon a motion for a new trial, under the facts of this case, we find the award for future pain and suffering was sufficiently substantiated by the record. *Cf. Estate of Pearson ex rel. Latta v. Interstate Power & Light Co.*, 700 N.W.2d 333, 347 (Iowa 2005) ("Damages for physical and mental pain and suffering cannot be measured by any exact or mathematical standard and must be left to the sound judgment of the jury."). We will not set aside the verdict merely because we may have reached a different conclusion. Therefore, we reverse the trial court's order for a remittitur or a new trial and remand for entry of judgment in accordance with the jury's verdict.[3]

**REVERSED AND REMANDED.**

2. Her treating physician did, at one point, discuss a spinal cord stimulator to alleviate some of the pain. However, this procedure was never prescribed. Her physician also testified that if Triplett had this procedure, "She probably has a chance to improve her pain by 30 to 50 percent." This procedure would cost approximately $50,000.

3. Accordingly, we need not address Fund Ways's cross-appeal arguing that the award of new trial should be based upon damages only, and should not include issues of liability.